UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Michael Baker**, an individual, and
**Ashley Baker**, an individual, on behalf of
themselseves and those similarly-situated,

     Plaintiffs,                                 Case No.

v.                                             **JURY DEMAND**

**ALM RESTAURANTS DETROIT, LLC**,
**ALM RESTAURANTS, LLC**, **ALM
RESTAURANTS QOF, LLC, ALM
RESTAURANTS QOZB, LLC**, Domestic
Limited Liability Companies, **ALM
RESTAURANTS MANAGEMENT
COMPANY**, Domestic Profit Corporation,
and **YUSEF ALCODRAY**, Individually,

     Defendants.

_____/

**COLLECTIVE AND CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

     Plaintiffs, MICHAEL ("Michael") and ASHLEY ("Ashley") BAKER
(collectively "Plaintiffs"), on behalf of themselves and all other similarly situated
current and former employees, file this Collective Action Complaint against
Defendants, ALM RESTAURANTS DETROIT, LLC, ALM RESTAURANTS,
LLC, ALM RESTAURANTS QOF, LLC, ALM RESTAURANTS QOZB, LLC,
ALM RESTAURANTS MANAGEMENT COMPANY ("ALM"), and YUSEF

ALCODRAY ("Alcodray") (collectively "Defendants") pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Wages and Fringe Benefits Act, MCL 408.471 *et seq.* ("WFBA"), state as follows:

## INTRODUCTION

1.     The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general wellbeing of workers." 29 U.S.C. § 202(a). As such, the FLSA requires employers to pay overtime for a covered employer whose employees work in excess of 40 hours per workweek. 29 § U.S.C. 207(a). Additionally, it requires employers compensate employees for time spent predominantly for the employer's benefit during a lunch period. *F.W. Stock & Sons v. Thompson*, 194 F.2d 493 (6th Cir. 1952).

2.     Similar to the FLSA, the WFBA provides minimum standards to protect employees in the State of Michigan.  *See Admiral Merchants Motor Freight, Inc. v. Dep't of Labor*, 149 Mich. App., 344 (1986) (comparing the FLSA's and WFBA's legislative intent and statutory rights as parallel). The WFBA prohibits deductions from an employee's pay without the employee's free and written consent. MCL § 408.477. It also requires employers to pay fringe benefits such as vacation, or sick days in accordance with a written contract. MCL § 408.473.

3.     Plaintiffs, former employees of Defendants, held positions as Crew Members, Swing Managers, First Assistant Managers, and Second Assistant

2

Managers. Plaintiffs often worked without taking unpaid lunch breaks to service Defendants' customers. However, Defendants deducted this worktime as unpaid breaks, regardless of whether Plaintiffs took such breaks, resulting in improper compensation for all hours worked. Additionally, in many weeks when Plaintiffs worked over forty hours, Defendants practices did not compensate Plaintiffs their full overtime pay. Consequently, Plaintiffs, and those similarly situated, bring this FLSA/WFBA action to recover unpaid wages, liquidated/exemplary damages, and reasonable attorneys' fees and costs.

4.     Defendants own and operate eleven franchised McDonald's restaurants in the Detroit metropolitan area ("Detroit"). Defendants emphasize metrics to maximize profits. To meet these metrics, Defendants engaged in unlawful practices to reduce Plaintiffs' worktime, such as entering unpaid lunch breaks into their timekeeping software. Defendants also made other improper deductions of hours worked in a week to shortchange Plaintiffs' overtime pay. As a result of Defendant's illegal pay practices, Plaintiffs were deprived of proper compensation for their hours worked.

5.     Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, Plaintiffs bring this action to recover the unpaid wages owed to them and all other similarly situated hourly-paid employees, current and former, of Defendants who worked at any McDonald's franchise owned by Defendants at any time during the three-year

period before the Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## **JURISDICTION**

6.      Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid worktime and overtime, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

7.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

9.      This Court has jurisdiction over the Michigan Wage and Fring Benefits Act ("WFBA") pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiffs' FLSA claims are the same acts and omissions that give rise to Plaintiffs' WFBA claims.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because Plaintiffs reside in this district and all, or at least a substantial part of the events giving rise to Plaintiffs' claims, occurred in this district.

## **PARTIES**

4

11.    At all relevant times, Plaintiffs were, and continue to be, residents within the jurisdiction of the Eastern District of Michigan.

12.    At all relevant times, Plaintiffs were employed by Defendants.

13.    Upon information and belief, Michael was employed by Defendants from October 1, 2023 to March 17, 2024.

14.    Upon information and belief, between October 1, 2023 to November 31, 2023, Michael was employed by Defendants as a non-exempt Crew Member at their McDonald's, located at 27901 Gratiot Ave, Roseville, MI 48066 ("Martin McDonald's").

15.    Upon information and belief, between December 1, 2023 to March 17, 2024, Michael was employed as a non-exempt Swing Manager at many of Defendants' McDonald's locations.

16.    Upon information and belief, Ashley was employed by Defendants from May 2023 until March 17, 2024, as a Second Assistant Manager and later as a First Assistant Manager at Defendants' Martin McDonald's.

17.    ALM RESTAURANTS DETROIT, LLC, is a Michigan limited liability company, with its registered office located in Birmingham, Michigan.

18.    Defendant, ALM RESTAURANTS, LLC, is a Michigan limited liability company, with its registered office located in Birmingham, Michigan.

19.    Defendant, ALM RESTAURANTS QOF, is a Michigan limited

liability company, with its registered office located in Birmingham, Michigan.

20.     Defendant, ALM RESTAURANTS QOZB, LLC, is a Michigan limited liability company, with its registered office located in Birmingham, Michigan.

21.     Defendant, ALM RESTAURANTS MANAGEMENT COMPANY ("ALM"), is a Michigan corporation, with its registered office located in Birmingham, Michigan.

22.     Upon information and belief, Alcodray is an individual resident of the State of Michigan and is the owner of the ALM Defendants.

23.     Upon information and belief, Defendants' business operations are located in Detroit, and they regularly conduct business in this jurisdiction.

24.     Upon information and belief, Defendants operate eleven franchised McDonald's restaurants, including all of the McDonald's in which Plaintiffs worked. *See* ALM Family Mcdonalds [*sic*], https://almfamilyrestaurants.com/locations/, (last visited April 6, 2024).

25.     At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

26.     Defendants, were, and continue to be, the "employer" within the meaning of the FLSA/WFBA.

27.     Defendants regularly held and/or exercised authority to:

a.    hire and fire employees of McDonald's;

b.    determine the McDonald's employees' work schedules; and

c.    control the finances and operations of McDonald's.

28.    Defendants are a single employer and/or integrated enterprise and/or joint employer for purposes of the FLSA/WFBA by performing related duties.

29.    Defendants are a single employer and/or integrated enterprise and/or joint employer for purposes of the FLSA/WFBA by exercising unified operation or common control over Plaintiffs and those similarly situated.

30.    Defendants are a single employer and/or integrated enterprise and/or joint employer for FLSA/WFBA purposes by operating for a common business purpose.

31.    Defendants are a single employer and/or integrated enterprise and/or joint employer for purposes of the FLSA/WFBA because Defendants shared interrelation of operations, which include common offices, record keeping, telephone numbers, human resources department, payroll systems, accounting personnel, insurance providers, employees, and equipment.

32.    Defendants are a single employer and/or integrated enterprise and/or joint employer for FLSA/WFBA purposes because Defendants maintain centralized control of labor relations and personnel.

33.    Defendants are a single employer and/or integrated enterprise and/or

joint employer for FLSA/WFBA purposes because Defendants share common ownership and financial control.

34.     Additionally, Defendants are a single employer and/or integrated enterprise and/or joint employer for FLSA/WFBA purposes because all of the ALM Defendants share a common owner, Defendant Alcodray.

35.     Furthermore, the ALM Defendants are a single employer and/or integrated enterprise and/or joint employer for FLSA/WFBA purposes because they share the same resident agent, Matthew P. Taunt.

36.     The ALM Defendants are a single employer and and/or integrated enterprise and/or joint employer for FLSA/WFBA purposes because all of the ALM Defendants utilize the same ALM Restaurants website to advertise, recruit, and detail the locations of all of their McDonalds. *See supra*.

37.     The ALM Defendants are a single employer and/or integrated enterprise and/or joint employer for FLSA/WFBA purposes because all of the ALM Defendants utilize the same corporate address, 700 E. Maple Road, Second Floor, Birmingham, MI, 48009.

38.     Alcodray is an employer as defined under the FLSA/WFBA in that he acted, directly or indirectly, in the interests of the ALM Defendants towards Plaintiffs and others similarly situated.

39.     At all relevant times, Defendants were Plaintiffs' "employer" within

the meaning of the FLSA/WFBA.

40.    At all relevant times, each Plaintiff was an "employee" of Defendants within the meaning of the FLSA/WFBA.

41.    At all relevant times, Plaintiffs "engaged in commerce" and were subject to individual coverage of the FLSA/WFBA by virtue of their regular and recurrent processing of credit card transactions with out-of-state banks, vendors and credit card companies, as part of her regular duties for Defendants.

42.    At all relevant times, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA/WFBA.

43.    At all relevant times, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

44.    Upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time.

45.    At all relevant times, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, cups, knives, chairs, tables, and more, which were used directly in furtherance of Defendants' commercial activity of running a restaurant.

**STATEMENT OF FACTS**

46.    In 2017, Plaintiffs began working for the previous franchisee of the

9

Martin McDonald's, using the timekeeping software, eRestaurant, to clock in/out.

47.     Plaintiffs did not experience pay issues with the previous franchisee.

48.     Defendants purchased the Martin McDonald's around May 2023.

49.     Defendants installed their own leadership team within weeks of the purchase but continued utilizing the timekeeping software, eRestaurant.

50.     In early March 2024, two of Defendants' employees discovered that Defendants deducted their worktime as unpaid breaks after investigating their recent hours worked.

51.     Within days, an employee affected by Defendants' improper deductions informed Ashley of the discovery.

52.     The affected employee further informed Ashley that Defendants instructed the affected employee to keep the matter a secret from other employees.

53.     Ashley then approached Defendants' hand-picked General Manager of the Martin McDonald's, Quinton Watkins ("Watkins"), to report the news and to inquire if she was also impacted by any such improper deductions.

54.     Watkins immediately shushed Ashley, quickly taking a whispering tone, and told her to keep the news secret from other employees, saying he would investigate whether she was affected.

55.     Over the next few days, the affected employees who discovered the improper deductions reported to Ashley that their "hours were fixed."

56.    Ashley became curious about her own hours because Watkins never confirmed whether she was affected by any improper deductions.

57.    For this reason, Ashley investigated whether her hours were affected.

58.    Ashley learned that Defendants improperly deducted her worktime as unpaid breaks.

59.    Ashley then confirmed that her sister's, also employed at Defendants' McDonald's, worktime was also improperly deducted.

60.    Moreover, she discovered that Defendants' improper deductions spanned a longer time frame than that asserted by the affected employees whose hours were now considered "fixed."

61.    Ashley called the affected employees, telling them to investigate whether *all* their "hours were fixed," as her investigation revealed a longer time period of improper deductions than initially suspected.

62.    On or around March 16, 2024, Ashley also alerted Watkins, who denied knowledge regarding the true scope of the employees affected by the improper deductions.

63.    Watkins had previously let slip to Ashley that Brandon Bradley ("Bradley"), another member of Defendants' leadership team who oversaw multiple stores, had moved some of Watkins' hours worked from one week into another to "improve" the Martin McDonalds' labor metrics.

64.    As news of the improper deductions spread, Defendants' employees scrambled to determine whether, and to what degree, they had been affected.

65.    On or around March 17, 2024, Michael investigated if, and to what extent, he was affected, as he had experienced financial hardship during his last few months of working for Defendants.

66.    Michael observed that his worktime was also improperly deducted as unpaid breaks.

67.    On March 17, 2024, Plaintiffs resigned as a result of Defendants' improper deduction.

68.    Thereafter, Defendants acknowledged their improper deductions to their remaining employees, stating only that retroactive pay would be issued for the unpaid breaks.

69.    Defendants issued a nominal amount in Ashley's last paycheck, dated April 1, 2024, as "Retro Pay." **Exhibit ("Ex.") 1**. Her "Retro Pay" hourly rate is regular rate of pay, $19/hr, for four and a half (4.5) hours.

70.    Thus, Defendants' "Retro Pay"  is insufficient to be considered liquidated or exemplary damages.

71.    Furthermore, Defendants' amount of "Retro Pay" hours does not accurately reflect the total amount of hours deducted from Ashley's pay as an unpaid break.

72.     Michael has not received any "Retro Pay."

73.     Additionally, Plaintiffs worked in excess of forty (40) hours in various work weeks throughout the duration of their employment with Defendants.

74.     However, contrasting their paystub information to their personal knowledge of hours worked at various times throughout the duration of Plaintiffs' employment suggests Defendants also failed to properly compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours in a given workweek.

75.     Thus, Defendants also shortchanged Plaintiffs' overtime hours, failing to properly compensate them for all overtime worked.

76.     Lastly, Defendants may have improperly failed to pay Plaintiffs their fringe benefits when they unilaterally changed their time off policy at some point in the recent past.

77.     Plaintiffs know of around ten (10) employees affected by Defendants' unlawful pay practices, and thus estimate that over 100 employees may have been affected across Defendants' eleven McDonald's locations.

78.     Ashley's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Ex. 2**.

79.     Michael's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Ex. 3**.

## COLLECTIVE ACTION ALLEGATIONS

80.     Plaintiffs and the class members are/were all hourly-paid employees of Defendants and performed similar manual labor job duties as one another.

81.     Defendants failed to compensate Plaintiffs, and those similarly situated, for the entirety of their worktime.

82.     Defendants failed to compensate Plaintiffs, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) in workweeks throughout the relevant time period.

83.     The additional persons who may become Plaintiffs in this action are/were hourly-paid employees of the Defendants who were not properly compensated for their worktime, and who were not compensated for all hours worked resulting in one or more workweeks during the relevant time periods where they worked in excess of forty (40) hours, but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

84.     This policy or practice was applicable to Plaintiffs and the class members.  Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiffs applied, and continues to apply, to all class members. Accordingly, the class members are properly defined as:

**All hourly-paid non-exempt employees who worked for Defendants within the last three years, who were not fully compensated for their worktime in one or more work weeks and/or worked in excess of 40 hours in one or more workweeks but were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks as required by the FLSA and/or the WFBA.**

85. Specifically, despite the fact that numerous employees brought Defendants' illegal policies to Defendants' attention throughout their employment, Defendants have not paid Plaintiffs and those similarly situated their proper compensation as required by the FLSA.

86. Upon information and belief, Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

87. Defendants denied their employees full compensation for their worktime.

88. During the relevant period, Defendants violated the FLSA by retaining employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

89.     Defendants' failure to properly compensate their employees for all worktime, and at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

90.     Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

91.     Defendants failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## **RULE 23 CLASS ACTION ALLEGATIONS**

92.     Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) on their own behalf and on behalf of:

> **All current and former hourly-paid employees who worked for Defendants at any time during the last three years in the State of Michigan, but were not fully compensated for their worktime in one or more work weeks and/or worked in excess of 40 hours in one or more workweeks but were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

(Hereinafter referred to as the "Rule 23 Class").[1]

93.     The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical.  Rule 23 Class members

---

[1] Plaintiffs reserve the right to amend this definition if necessary.

should be easy to identify from Defendants' payroll and employment records.

94.    There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited, whether Defendants failed to pay Rule 23 Class members the required state minimum wage for all time worked in a workweek.

95.    Plaintiffs' claims are typical of those of the Rule 23 Class in that they and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendants' common and systematic employment and payroll policies and practices. Plaintiffs' claims arise from the same pay policies, practices, and course of conduct as all other Rule 23 Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class members.

96.    Plaintiffs will fully and adequately protect the interests of the Rule 23 Class and they retained counsel who are qualified and experienced in the prosecution of wage and hour claims. Neither Plaintiffs nor their counsel have interests that are contrary to or conflicting with the interests of the Rule 23 Class.

97.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own

given the relatively small amount of damages at stake for each individual along with

the fear of reprisal by their employer.  Prosecution of this case as a Rule 23 class

action will also eliminate the possibility of duplicative lawsuits being filed in state

and federal courts throughout Michigan. Furthermore,  prosecution of this case as a

Rule 23 class action will best preserve the claims' statute of limitations.

98.    The case will be manageable as a Rule 23 Class action.  Plaintiffs and

their counsel know of no unusual difficulties in this case.

99.    Because the elements of a Rule 23(b)(3) are satisfied in this case, class

certification is appropriate. *See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins.*

*Co.,* 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates

a categorical rule entitling a plaintiff whose suit meets the specified criteria to

pursue his claim as a class action").

100.   Because Defendants acted and refused to act on grounds that apply

generally to the Rule 23 Class and declaratory relief is appropriate in this  case with

respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2)

is also appropriate.

### COUNT I: IMPROPER MEAL DEDUCTIONS
### FOR WORKTIME IN VIOLATION OF THE FLSA

101.   Plaintiffs incorporate paragraphs 1-100 as if fully set forth herein.

102.   Defendants' practice of deducting Plaintiffs' and the Class Members'

worktime as unpaid breaks, regardless of whether they took such breaks, resulted

in improper compensation for all hours worked.  *See* 29 C.F.R. § 785.19.

103.   None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all time worked are applicable.

104.   Defendants failed to properly disclose or apprise Plaintiffs of their statutory rights.

105.   Defendants acknowledged their improper deductions to many employees, stating only that retroactive pay would be issued for the unpaid breaks. However, the nominal amount paid was based on an arbitrarily selected amount of work time issued to arbitrarily selected employees and did not reflect a rate that included liquidated damages.

106.   Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered, and continue to suffer, damages and lost compensation for time worked.

107.   Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

108.   At all relevant times, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. § 785.19, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan, or decision that intentionally deducted compensation for worktime as unpaid lunchbreaks.

## COUNT II: IMPROPER DEDUCTIONS
## IN VIOLATION OF THE WFBA

109.   Plaintiffs incorporate paragraphs 1-108 as if fully set forth herein.

110.   The WFBA prohibits deductions from an employee's pay without the employee's free and written consent. MCL§ 408.477.

111.   At all relevant times, Defendants' practice of deducting Plaintiffs' and the Class Members' worktime as unpaid breaks, regardless of whether they took such breaks, resulted in improper deductions from an employee's pay.

112.   None of the exceptions provided by the WFBA prohibiting employers from deducting their employees' pay are applicable.

113.   Defendants failed to properly disclose or apprise Plaintiffs of their statutory rights.

114.   Defendants acknowledged their improper deductions to many employees, stating only that retroactive pay would be issued for the unpaid breaks. However, the nominal amount paid was based on an arbitrarily selected amount of work time issued to arbitrarily selected employees and did not reflect a rate that included exemplary damages.

115.   Due to the flagrant or repeated unlawful acts of Defendants, Plaintiffs suffered, and continue to suffer, damages and lost compensation for time worked.

116.   Plaintiffs are entitled to an award of reasonable attorneys' fees and costs, and any other remedy provided by the WFBA.

117.   At all relevant times, Defendants failed to comply with Michigan's Wages and Fring Benefits Act, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan, or decision that intentionally deducted compensation for worktime as unpaid lunchbreaks.

## COUNT III: VIOLATIONS OF OVERTIME COMPENSATION UNDER THE FLSA

118.   Plaintiffs incorporate paragraphs 1-117 as if fully set forth herein.

119.   Plaintiffs worked in excess of forty (40) hours per week.

120.   Contrasting their paystub information to their personal knowledge of hours worked at various times throughout the duration of Plaintiffs' employment suggest Defendants also failed to compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours in a given workweek.

121.   Plaintiffs are entitled to be paid at a rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours.

122.   At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

123.   Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for her hours worked in excess of forty (40) hours per week when they had knowledge, or should

21

have known, such was, and is due to Plaintiff.

124.  Defendants failed to properly disclose or apprise Plaintiffs of their FLSA rights.

125.  Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

126.  Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

127.  At all relevant times, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan or decision that intentionally did not provide for the compensation of such employees at a rate of time and one-half for their overtime hours.

128.  Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiffs are/were not paid proper overtime for hours worked in excess of forty (40) hours in one or more workweeks because Defendants failed to properly pay Plaintiffs, and those similarly situated to them, proper overtime wages at time and one-half of their regular rate of pay for such hours.

## COUNT IV: CONVERSION

129.  Plaintiffs incorporate paragraphs 1-128 as if fully set forth herein.

130.  While employed by Defendants, Plaintiffs earnings were deducted because Defendants improperly subtracted thirty (30) minutes of worktime as unpaid breaks to maximize their own profits notwithstanding the fact that such breaks were not taken.

131.  Defendants' acts regularly deprived Plaintiffs of their rightful possession of a portion of their anticipated and actual earnings.

132.  Defendants' actions caused Plaintiffs and the Class Members to be deprived of their rightful earnings in amounts reasonably believed to exceed $25,000.

Wherefore, Plaintiffs and the Class Members demand judgment in their favor which fairly compensates them for their worktime, plus costs and attorney's fees.

## COUNT V: UNJUST ENRICHMENT

133.  Plaintiffs incorporate paragraphs 1-132 as if fully set forth herein.

134.  While employed by Defendants, Plaintiffs' earnings were deducted because Defendants improperly subtracted thirty (30) minutes of worktime as unpaid breaks to maximize their own profits notwithstanding the fact that such breaks were not taken.

135.  Defendants' acts regularly deprived Plaintiffs of their rightful

possession of a portion of their anticipated and actual earnings.

136.    Defendants' deductions of Plaintiffs' earnings were a direct and/or indirect benefit to Defendants in that they improved store metrics to maximize Defendants' profits.

137.    Michigan statutes cited above, and principles of equity, affirm it is unfair for Defendants to receive a benefit from the work and earnings of Plaintiffs and for Defendants to retain the benefit.

138.    Defendants' actions caused Plaintiffs and the Class Members to be deprived of their rightful earnings in amounts reasonably believed to exceed $25,000

Wherefore, Plaintiffs and the Class Members demand judgment in their favor which fairly compensates them for their worktime, plus costs and attorney's fees.

## COUNT VI: DECLARATORY RELIEF

139.    Plaintiffs incorporate paragraphs 1-138 as if fully set forth herein.

140.    Plaintiffs and Defendants have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

141.    The Court also has jurisdiction over Plaintiffs' WFBA claims pursuant to 28 U.S.C. § 1367 because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Michigan minimum

wage claims.

142.   The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

143.   Plaintiffs may obtain declaratory relief.

144.   Defendants employed Plaintiffs.

145.   Defendants are an enterprise.

146.   Plaintiffs were individually covered by the FLSA.

147.   Plaintiffs are entitled to overtime compensation pursuant to 29 U.S.C. § 207(a)(1).

148.   Plaintiffs were deprived of worktime as unpaid breaks pursuant to 29 C.F.R. § 785.19.

149.   Plaintiffs' earnings were improperly deducted pursuant to M.C.L. § 408.477.

150.   Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

151.   Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA and/or the WFBA.

152.   Plaintiffs are entitled to an equal amount of liquidated/exemplary damages.

153.   It is in the public interest to have these declarations of rights recorded.

154.   Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

155.   The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in their favor against Defendant:

      a.    Declaring, pursuant to 29 U.S.C. § 201 *et. seq.*, that the acts and practices complained of herein are in willful violation of the overtime wage provisions of the FLSA.

      b.    Ordering Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein, designating Plaintiffs as representative of the FLSA collective action Class, and undersigned counsel as Class counsel for the same;

      c.    Ordering Defendants to disclose the names and addresses of all collective action class members, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their right by law to join and participate in this lawsuit;

d.    Granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs and collective action class the full amount of damages and liquidated damages available by law;

e.    Awarding Plaintiffs and the collective action members overtime compensation in the amount due to them for their time worked in excess of forty (40) hours per workweek;

f.    Awarding Plaintiffs and the collective action members liquidated damages in an amount equal to the overtime award;

g.    Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to the aforementioned law;

h.    Awarding Plaintiffs pre-judgment interest; and

i.    Ordering any other further relief the Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury.

Dated: April 9, 2024

Respectfully submitted,

Ertis Tereziu (P84911)
Elana H. Gloetzner (P62997)
MORGAN & MORGAN, P.A.
2000 Town Center, Suite 1900
Southfield, Michigan 48075

27

Telephone: (248) 739-1953
Telephone: (248) 739-1968
Facsimile:  (248) 739-1978
Email:etereziu@forthepeople.com
Email:elana.gloetzner@forthepeople.com
*Attorneys for Plaintiffs*