UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Baker, an individual, and
Ashley Baker, an individual, on behalf
of themselves [sic] and those
similarly-situated,

        Case No. 24-10909
        Hon. Judith E. Levy

    Plaintiffs,

v.

ALM RESTAURANTS DETROIT, LLC,
ALM RESTAURANTS, LLC, ALM
RESTAURANTS QOF, LLC, ALM
RESTAURANTS QOZB, LLC, Domestic
Limited Liability Companies, ALM
RESTAURANTS MANAGEMENT
COMPANY, Domestic Profit Corporation,
and YUSEF ALCODRAY, Individually,

    Defendants.

| MORGAN & MORGAN, P.A. | STARR, BUTLER & STONER, PLLC |
|---|---|
| Ertis Tereziu (P84911) | Daniel C. Waslawski (P78037) |
| Elana H. Gloetzner (P62997) | Attorneys for Defendants |
| Attorneys for Plaintiffs | 20700 Civic Center Dr., Ste. 290 |
| 2000 Town Center, Ste. 1900 | Southfield, MI 48076 |
| Southfield, MI 48076 | (248) 554-2700 |
| (248) 739-1953 | dwaslawski@starrbutler.com |
| etereziu@forthepeople.com | |
| elana.gloetzner@forthepeople.com | |

**STIPULATION AND ORDER
TO STAY LITIGATION FOR ADR AND TOLLING**

Plaintiffs Ashley Baker and Michael Baker (collectively "Plaintiffs") and

Defendants ALM Restaurants Detroit, LLC, ALM Restaurants, LLC, ALM

Restaurants QOF, LLC, ALM Restaurants QOZB, LLC, ALM Restaurants Management Company, and Yusef Alcodray (collectively "Defendants") (Plaintiffs and Defendants collectively referred to as the "Parties"), through their undersigned counsel, hereby stipulate and agree as follows:

1. On April, 9, 2024, Plaintiffs filed this case in the United States District Court for the Eastern District of Michigan, alleging six wage-and-hour related law claims. In their 155 paragraph Complaint, Plaintiffs allege five claims: Count I - improper meal deductions for worktime in violation of the Fair Labor Standards Act ("FLSA") (ECF No. 1, PageID.18-19); Count II – "improper deductions in violation of the Michigan Wages and Fringe Benefits Act ("WFBA") (ECF No. 1, PageID.20-21); Count III - violations of overtime compensation under the FLSA (ECF No. 1, PageID.21-22); Count IV – conversion under Michigan common law (ECF No. 1, PageID.21-22); Count V – unjust enrichment under Michigan common law (ECF No. 1, PageID.23-24); and Count VI – declaratory relief (ECF No. 1, PageID.24-27). *See* ECF No. 1.

2. Shortly after the filing of the lawsuit, Daniel C. Waslawski, counsel for Defendants, agreed on behalf of Defendants to waive service of the summons and complaint, thereby, placing the deadline for Defendants' response to Plaintiffs' complaint at Monday, June 17, 2024. *See* ECF Nos. 4-9.

3. On April 30, 2024, six additional persons opted into this lawsuit, filed their consents to join Plaintiffs' FLSA claims and, thus, are now parties to Plaintiffs' FLSA claims. *See* ECF No. 3.

4. In June 2024, counsel for the Parties met and conferred regarding a potential resolution of the lawsuit and alternative dispute resolution ("ADR"). Counsel for the Parties also met and conferred on Defendants' contemplated motion to dismiss Counts I and II of Plaintiff's Complaint.

5. Based on the aforementioned discussions of counsel for the Parties, the Parties agreed to facilitate this matter with Mr. David B. Calzone (P33486) of Calzone Hiser, PLLC.[1] Mr. Calzone has over 40 years of experience practicing in employment and complex class action litigation and was awarded the Distinguished Service Award by the Labor and Employment Section of the State Bar of Michigan in 2017. The Parties are scheduled to engage in facilitative mediation (as defined in Eastern District of Michigan local rule 16.4) of this lawsuit with Mr. Calzone at 9:00 AM on Friday, August 16, 2024, which is the earliest date on which counsel for the Parties, the Parties, and Mr. Calzone are all mutually available to mediate this lawsuit.

6. To allow the Parties to focus on ADR and to promote judicial economy, the Parties respectfully request that the case be stayed until Monday, August 19, 2024

---

[1] *See* https://www.calzonehiser.com/attorneys/

(the "Stay Period") and that the deadline for Defendants' response to Plaintiff's First Amended Complaint be extended until Friday, August 30, 2024.

7. To accommodate the Parties' settlement discussions, Defendants agree that any statutes of limitations for Counts I-VI shall be tolled from the date on which this order is entered through Friday, August 30, 2024 (the "Tolling Period") for Plaintiffs and the alleged putative class members as described and alleged in paragraph 84 of Plaintiffs' complaint. *See* ECF No. 1 at ¶84. The Tolling Period shall be limited to the claims alleged in Plaintiff's complaint as currently pled.

8. The Tolling Period shall not be included for purposes of computing any alleged or awarded damages including but not limited to interest in any form, nor will the Tolling Period be considered in support of a laches defense, or any other time-based doctrine or defense, rule, or statute otherwise limiting any Party's right to preserve and prosecute. Nothing in this stipulation shall have the effect of reviving any claims that are otherwise barred by any statute of limitations prior to the beginning of the Tolling Period. Nothing in this stipulation shall have the effect of serving as an admission that a three-year statute of limitation applies to the Claim or that the alleged violations of the FLSA as alleged in the Claim (which are denied in their entirety by Defendants) were willful violations of the FLSA. Further, nothing in this stipulation shall be construed as an admission that some or all Defendants employed Plaintiffs or the alleged putative class members, whether as a matter of

4

joint employment or other legal doctrine.

9. On or before Friday, August 23, 2024, counsel for the Parties shall submit a joint status report apprising the Court as to the status of the settlement discussions and the outcome of the mediation process.

10. By agreeing to this stipulation, no party is waiving any rights they currently have related to this matter. Rather, in the event that the Parties are unable to resolve this matter via the ADR processes, the Parties agree to return to their status as of the date of the entry of this order.

11. By agreeing to this stipulation, the Parties agree further that this Stipulation will not be admissible for any purpose other than to rebut a defense based on the passage of time or delay or for purposes of calculating damages, or to defend against any claim, action, or other proceeding that may be initiated by one of the Parties against another in breach of this Stipulation.

12. Accordingly, this matter having come before the Court on the Stipulation of the Parties, the Court having reviewed the stipulation and being otherwise duly advised in the premises:

13. **IT IS HEREBY ORDERED** that the above matter be and is stayed from the date of entry of this order until Monday, August 19, 2024 and that the deadline for Defendants' response to Plaintiff's Complaint be extended until Friday, August 30, 2024.

14. **IT IS FURTHER ORDERED** that the Parties shall mediate this lawsuit with David B. Calzone on Friday, August 16, 2024.

15. **IT IS FURTHER ORDERED** that any statutes of limitations for Counts I-VI shall be tolled from the date on which this order is entered until Friday, August 30, 2024 (the "Tolling Period") for Plaintiffs and the alleged putative class members as described and alleged in paragraph 84 of Plaintiffs' complaint. *See* ECF No. 1 at ¶84. The Tolling Period shall be limited to the claims alleged in Plaintiff's complaint as currently pled.

16. **IT IS FURTHER ORDERED** that on or before Friday, August 23, 2024, the Parties will submit a joint status report apprising the Court as to the status of the settlement discussions and the outcome of the mediation process.

17. **IT IS FURTHER ORDERED** that no party is waiving any rights they currently have related to this matter. Rather, in the event that the Parties are unable to resolve this matter via the ADR processes, the Parties agree to return to their status as of the date of this order.

Date: June 21, 2024                              s/Judith E. Levy
                                                 JUDITH E. LEVY
                                                 United States District Judge

Approved as to Form and Substance:

/s/ Ertis Tereziu (w/consent)        /s/ Daniel C. Waslawski
Ertis Tereziu (P84911)               Daniel C. Waslawski (P78037)
Attorneys for Plaintiffs             Attorneys for Defendants